## STEWART v ELIAS

Ohio Appeals, 2nd Dist, Madison Co

No 118.   Decided Nov 21, 1935

B. F. Hughes, Columbus, for plaintiff in error.

Frank J. Murray, London, for defendant in error.

## OPINION

By BARNES, PJ.

The above-entitled cause is now being determined on proceedings in error from the judgment of the Court of Common Pleas of Madison County, Ohio. The parties appeared in the same order in the court below as in this court.

Plaintiff commenced his action on May 4, 1933. The action was tried on December

13, 1934 to a court and jury on a second amended petition of the plaintiff, answer of the defendant and the evidence. The plaintiff presented nine witnesses besides himself. Defendant introduced no testimony except by way of cross examination of the plaintiff and plaintiff's witnesses.

At the close of all the testimony defendant interposed motion for directed verdict, which was overruled.

In the second amended petition, upon which the action was tried in the court below, plaintiff sought damages against the defendant in the sum of $25,000.00 on four alleged causes of action:

First cause of action, false arrest;

Second cause of action, false imprisonment;

Third cause of action, malicious prosecution;

Fourth cause of action, malicious destruction of property.

A brief summary of the history of the case will render understandable the nature of the controversy and the manner in which the claimed errors arise.

On the 23rd day of March, 1933, Mary Elias, defendant in this action, filed in the court of Peter Fisher, Justice of the Peace in and for Jerome Township, Union County, Ohio, her complaint in due form, charging Charles Stewart, plaintiff herein. with forcible entry and detention of certain described premises owned by Mrs. Elias. Hearing was had on March 27, thereafter, and the justice found against Charles Stewart and ordered a, writ of restitution. Stewart was given until April 6, following, to vacate the premises before the writ would actually issue

This proceeding was in all respects regular and according to law. Following, the record discloses some unheard of procedure, all of which was without authority of law and violated substantial rights of Charles Stewart.

In view of the fact that the jury in the instant case returned a verdict in favor of the defendant, the major question to be. determined on this review is whether or not the record presented to us discloses that Mary Elias authorized or had any connection with the unauthorized, illegal procedure that followed her action before Justice Fisher.

Mr. Fisher was the first witness called and, among other things, identified and introduced his docket showing the proceedings in the action on pages 268, 269, 300. The docket, on page 300, contains the notation in substance that after the hearing Mrs. Elias inquired as to what further

action she should take in the event Stewart failed to move, and that she was referred to the prosecuting attorney of Union County. Oral testimony of the justice is to the same effect, and the answer of the defendant admits that Mary Elias took up the matter with the prosecuting attorney of Union County, and that he advised her if she had any trouble in the action to take the matter up with him. The answer denies all other allegations of the petition.

From this evidence, together with the evidence that the defendant was, in fact, arrested, placed in jail, and that his property was removed by the constable and destroyed or damaged, the question arises as to whether or not there arises the inference that Mary Elias was so connected with the proceedings so that we might say that the evidence preponderates in favor of plaintiff in some one or more of his enumerated causes of action.

As a part of the evidence there appears in the record, as Exhibit B, a copy of the transcript of the docket of John H. Kinkade, Justice of the Peace in and for Paris Township, Union County, Ohio. The caption in this case is the State of Ohio versus Charles Stewart. There is a notation that the action is on complaint of Clifton Caryl, who was prosecuting attorney of Union County, Ohio, and that the charge is contempt of court. The copy of the complaint shows that there was an attempt to make a charge against Stewart before the Justice of the Peace of Paris Township of contempt of court in failing to conform to the order of the court of Peter Fisher, Justice of the Peace of Jerome Township, wherein judgment was rendered against Charles Stewart and order of restitution of property granted on complaint of Mary Elias. The affidavit contains the recital that the defendant is guilty of contempt of court by reason of his violation of the court order and refusing and neglecting to vacate said premises, all contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Ohio.

It will be noted that Mary Elias, the defendant in this action. did not sign the complaint, nor is it disclosed from the record that she had anything to do or had any knowledge that such action was being taken. So far as the record discloses it is inferable that the action is taken by the prosecuting attorney upon his own initiative. He apparently filed it as a criminal action. This would be inferred from the caption, which reads: "State of Ohio versus Charles Stewart." This docket

contains the notation that Stewart entered a plea of guilty and it also is followed by the notation that he was found guilty. There is a recital of the introduction of evidence and it appears that Justice Fisher was sworn and examined and his docket introduced in evidence. It does not appear that Mary Elias was called. The constable serving the summons on the contempt charge was one Schwartzkopf, who was a constable of Paris Township and operated out of the court of Justice Kinkade.

There is no authority under the law to issue a contempt proceedings of this character, but we are unable to find that Mary Elias had any connection with it. It is fairly inferable that Mary Elias, at the suggestion of Justice Fisher, went to see the prosecuting attorney relative to the necessary steps to be taken to secure the removal of Stewart from her property, as per the judgment of Justice Fisher. The natural inference arises from a person's going to a lawyer for advice that they are seeking information, not giving orders what to do. If it was disclosed that Mary Elias signed the affidavit before Justice Kinkade charging contempt, then we would have an entirely different situation. Under this condition, the obligation would rest upon her to introduce evidence meeting the inference that would arise through the unauthorized contempt proceeding through which Stewart was arrested and placed in jail. Under such a situation she might introduce evidence denying the averments of malice, that she was acting in good faith and on the advice of counsel. It is not unusual for people to go to the prosecuting attorney and lay facts before him as to what may or may not be a violation of the criminal law. Apparently under this situation the prosecutor had in mind violation of the criminal statute and instituted proceedings in the nature of a criminal complaint. It is just as inferable that the prosecutor acted on his own initiative as it is otherwise.

The issuing of the writ of restitution to Constable Schwartzkopf from the docket of Justice Kinkade or the prosecutor's office was wholly unwarranted and unauthorized, but we are unable to find that Mrs. Elias had any direct connection with the issuing of this unauthorized writ. The fact that Mrs. Elias interviewed the prosecutor or sought his advice would not make her liable for his unauthorized, unwarranted proceedings before another justice. The prosecutor evidently acted very hastily in instituting contempt proceedings before Justice Kinkade. Very little investigation

would have disclosed that there was no authority at law for so doing.

Considering the entire record of this case, we are unable to find any prejudicial error. The judgment of the court below will be affirmed. Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.

## ON APPLICATION FOR REHEARING

Decided Dec 20, 1935

By THE COURT

The above-entitled cause is now being determined on plaintiff in error's application for rehearing. Counsel for plaintiff in error, in support of the application, files a five page memorandum and this is later supplemented by a three page memorandum. We have carefully examined this brief, together with authorities cited.

In the main we have no quarrel with counsel, nor with any of the authorities on the principles of law presented and announced.

Counsel assume that Mary Elias should be held responsible for any and everything done by Clifton Caryl, Prosecuting Attorney of Union County, Ohio. The correct statement of law is that a client is liable for the acts of her attorney performed within the scope of his authority. A client is not liable for illegal acts, unless it be shown that she participated therein or had knowledge thereof. This was not shown in the instant case. This principle is announced and will be found in the text in **Ohio Jurisprudence, Volume 4, under title "Attorney-at-Law,"** §39, last paragraph:

"A client is not responsible for any illegal action taken by his attorney, which he did not advise, consent to, or participate in, and which was not justified by any authority he had given."

In support of this text is cited the case of **Mefford v State, 13 Oh Ap 106.**

It must be borne in mind that Mrs. Elias' name does not appear as a party in any of the proceedings instituted by the prosecuting attorney. He makes party plaintiff the State of Ohio and signs his individual name to the affidavit. We reiterate what was stated in the original opinion that this action was illegal, unauthorized and unwarranted. In the absence of any evidence it would be improper to assume that Mrs. Elias was a party to any of these proceedings. Counsel might have called her for

cross-examination and thereby ascertained just what connection she had, if any, with the unauthorized action. Furthermore, he might have taken the deposition of the prosecuting attorney or called him as a witness and thereby have presented direct testimony.

In the absence of such testimony, under the state of the record no inference can arise binding Mrs. Elias.

We adhere to the original opinion and the motion for rehearing will be overruled. Exceptions will be allowed.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.